UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TEACHING STRATEGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 02-CV-3561 (WMN) |
| | ) |
| TEACHER STREET, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AFFIDAVIT
OUT OF TIME AND REQUEST FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Teaching Strategies, Inc. ("Teaching Strategies") hereby moves the Court pursuant to Fed. R. Civ. P. 6(b)(2) for an enlargement of time to file an affidavit in support of its award of attorneys' fees, and hereby gives notice of the filing of that affidavit. Teaching Strategies further requests, consistent with the attached affidavit and the Court's March 28, 2003 Order, that the Court award $37,044.06 in attorneys' fees and costs to Teaching Strategies. In support thereof, Plaintiff Teaching Strategies states as follows:

**A.   Background**

1.   Teaching Strategies filed its Complaint for Trademark Infringement, Trademark Dilution and Unfair Competition against Teacher Street, Inc. on December 30, 2002, alleging *inter alia* that the defendant, Teacher Street, Inc., had infringed upon Teaching Strategies' registered CREATIVE CURRICULUM trademark.

2.  When the Defendant failed to respond within the time allotted by the rules, Plaintiff Teaching Strategies filed a Motion for Entry of Default and for Default Judgment on March 19, 2003.

3.  On March 20, 2003 (as amended on March 25, 2003), the Clerk entered the default of the Defendant. Shortly thereafter, on March 28, 2003, the Court entered a Judgment by Default and Permanent Injunction (the "Order") granting Teaching Strategies' request for a default judgment. See Order attached as Exhibit A hereto. The default judgment consists of a permanent injunction against the Defendant, and also includes an award of attorneys' fees, stated as follows:

> [B]ecause the Court finds that this case is exceptional within the meaning of 15 U.S.C. § 1117(a) in view of the blatant nature of the infringement involved herein and the failure of Defendant Teacher Street to cease and desist even after receiving a good faith request from Plaintiff to do so, Defendant Teacher Street is hereby ordered to pay over to Plaintiff the reasonable attorneys' fees and costs Plaintiff has been forced to incur in pursuing relief through resort to this lawsuit. Plaintiff shall file an affidavit with this Court concerning said attorneys' fees and costs within 20 days of the entry of this Order, to which Defendant will have 20 days to file any objections concerning the amount requested.

See Exhibit A.

**B.   Motion for Leave to File Affidavit Out of Time**

4.  Teaching Strategies, however, did not receive a copy of this Order. See Affidavit of Brian A. Coleman, attached as Exhibit B hereto. Rather, undersigned counsel for Teaching Strategies received (via electronic notice) only a copy of the March 20, 2003 Entry of Default, and nothing further. See id. It was not until October 2, 2003, when undersigned counsel checked the docket of this case through an electronic service provided by Courtlink, that Teaching Strategies became aware that the March 28, 2003 Order had been entered. See id. It was also on that day that Teaching Strategies first became aware (by reviewing the docket) that it

had 20 days from the March 28, 2003 date of that Order to file an affidavit concerning its award of attorneys' fees and costs, and that this deadline had already expired. See id.

5. That same day (October 2, 2003), undersigned counsel contacted several different personnel at the Court to advise of the situation, and to obtain a copy of the Order. See id. Undersigned counsel was informed that the Order had been sent via regular mail, and not electronically. See id. Undersigned counsel then conducted an inquiry to determine whether the Order had been received elsewhere in undersigned counsel's office or by Teaching Strategies directly, and was been informed that there is no record nor recollection of its receipt. See id. A copy of the Order ultimately was received by undersigned counsel via regular mail on October 8, 2003. See id.

6. Teaching Strategies respectfully submits that its failure to file an affidavit concerning its award of attorneys' fees and costs within the 20 days afforded by the March 28, 2003 Order constitutes excusable neglect, because it did not receive notice of that Order, and thus had no way of knowing that the deadline existed. Prior to checking the court's electronic docket on October 2, 2003, counsel reasonably believed that its request for a default judgment was under consideration. Counsel did not deem it particularly surprising that several months went by without receiving a ruling since Teaching Strategies' request for a default judgment was somewhat complicated, as evidenced by the fact that it was supported by a 14-page memorandum of law (even though it was expected to be unopposed). Further, counsel had no reason to believe that the court's newly-instituted electronic filing system was not functioning properly, because counsel did in fact receive an electronic copy of the preceding March 20, 2003 Entry of Default. Counsel also had no reason to believe that papers sent via regular mail might not arrive, as no delivery problems have been encountered in other cases involving this Court.

7. Upon receiving notice on October 2, 2003 that the Order had been entered, Teaching Strategies acted promptly to obtain the Order and notify the Court of the situation. Upon receiving a copy of the Order on October 8, 2003, counsel acted promptly in filing this motion, along with the requested affidavit, within the week. See Exhibit C, and Part C infra.

8. Granting this request will not prejudice the Defendant because the Defendant has never appeared in this case, despite having been properly served, and never even opposed Teaching Strategies' initial request for attorneys' fees and costs. By contrast, to refuse consideration of Teaching Strategies' affidavit would amount to an unearned windfall to Defendant, as it would avoid having to pay the very attorneys' fees and costs that Court stated in its March 28, 2003 Order ought to be paid by the Defendant to Teaching Strategies.

9. Accordingly, Plaintiff Teaching Strategies respectfully requests that the Court consider the Affidavit of Norm D. St. Landau, attached hereto as Exhibit C, which is submitted in response Court's directive in its March 28, 2003 Order to "file an affidavit with this Court concerning said attorneys' fees and costs."

C. **Request for Attorneys' Fees and Costs**

9. As referenced above, on March 28, 2003 the Court ordered Defendant Teacher Street "to pay over to Plaintiff the reasonable attorneys' fees and costs Plaintiff has been forced to incur in pursuing relief through resort to this lawsuit Plaintiff," and directed Teaching Strategies to submit an affidavit supporting the amount requested. See Exhibit A. In conformity with this directive, Teaching Strategies hereby requests an award of $37,044.06 in attorneys' fees and costs, as supported by the Affidavit of Norm D. St. Landau attached hereto as Exhibit C.

10. The requested amount of $37,044.06 was reasonably and necessarily incurred by Teaching Strategies in connection with its efforts to secure its legal rights against the Defendant.

4

See id. The work performed and costs incurred on Teaching Strategies' behalf is set forth in detail on the billing statements attached to Mr. St. Landau's Affidavit. This entire amount was actually paid by Teaching Strategies, save one outstanding invoice of $134.73. See id.

11.  Accordingly, the sum of $37,044.06 in fees and costs incurred by Teaching Strategies to pursue the relief ultimately obtained in this Court should be paid over by Defendant to Teaching Strategies as ordered by this Court on March 28, 2003.

WHEREFORE, Plaintiff Teaching Strategies, Inc. respectfully requests that this Court enter the attached proposed Order granting its Motion for Leave to File Affidavit Out of Time, and awarding attorneys' fees and costs consistent with the Court's March 28, 2003 Order in the amount of $37,044.06, as supported by the attached Affidavit of Norm D. St. Landau.

Dated: October 14, 2003                                  Respectfully submitted,

                                                         _____/s/_____
                                                         Norm D. St. Landau
                                                         Brian A. Coleman (#15310)
                                                         Mary Pat Weyback
                                                         DRINKER BIDDLE & REATH LLP
                                                         1500 K Street, NW, Suite 1100
                                                         Washington, DC 20005
                                                         Telephone: (202) 842-8800
                                                         Facsimile: (202) 842-8465

## CERTIFICATE REGARDING SERVICE

I HEREBY CERTIFY that on this 14th day of October 2003, a copy of the foregoing Motion for Leave to File Affidavit Out of Time, and Request for Attorneys' Fees and Costs was sent via first class mail, postage prepaid to:

Teacher Street, Inc.
c/o Christopher Werler
12 Forest Street
Medford, MA 02155

_____/s/_____
Brian A. Coleman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TEACHING STRATEGIES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 02-CV-3561 (WMN) ) |
| TEACHER STREET, INC. | ) ) |
| Defendant. | ) ) |

## ORDER

Upon consideration of Plaintiff Teaching Strategies, Inc.'s ("Teaching Strategies") Motion for Leave to File Affidavit Out of Time and Request for Attorneys' Fees and Costs, any opposition thereto and the entire record herein;

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for leave to file an affidavit in support of its award of attorneys' fees and costs is GRANTED, and the Affidavit of Norm D. St. Landau attached to Plaintiff's motion is accepted for consideration; and

2. Plaintiff's request for attorneys' fees and costs in the amount of $37,044.06 is GRANTED.

Date:_____                    _____
                                                United States District Judge